REQUESTED BY: John R. Hanlon, Commissioner of Labor.
If the State of Nebraska were to give a waiver from the National Elevator Code, would the State of Nebraska be legally liable?
The Legislature has provided standards for granting exceptions to the Elevator Code. It is difficult to visualize how the State of Nebraska could be liable if those standards are followed. However, if an exception were granted when it was not clearly evident that safety was assured, there could be liability.
ANALYSIS
The question which you ask can be dealt with only in the context of a threshold question, namely, whether the State of Nebraska has the authority to grant waivers from the Elevator Code. We will address that issue first.
Section 48-418.12, R.R.S. 1943, dealing with an elevator inspection code, provides:
 "The American National Standard Safety Code A 17.1-1971 of 1971 as published by the American Society of Mechanical Engineers, as amended as of September 2, 1973, may be adopted as a regulation by the Commissioner of Labor and shall thereafter be known as the Nebraska Code. A copy of this code, if so adopted shall be kept on file in the office of the Commissioner of Labor. Any amendment or change thereafter made in such code shall become effective in this state only after public notice and hearing thereon as provided in sections 84-901 to 84-908."
Your letter quotes Rule 100.6 relating to projections, recesses, and setbacks in hoistway enclosures which you state is taken verbatim from the National Elevator Code, which the State of Nebraska had adopted. It is this section of the code from which you suggest that the State of Nebraska might give a waiver.
The above quoted section permits the Commissioner of Labor to adopt the A.S.M.E. Code and to amend or change such code thereafter. We will assume, for the purpose of this analysis, that the proper procedures were followed in arriving at the National Elevator Code as the validly adopted Code pursuant to section 48-418.12. We emphasize that we did not do any research into the validity of such adoption.
Based on the foregoing assumption, we look to the statutes to see if there is authority to grant waivers from the elevator code adopted by the Commissioner of Labor. In the context of rulemaking the word `waiver' applies `when one dispenses with the performance of something he is entitled to exact.' Black's Law Dictionary, rev. 4th ed., p. 1751. The Legislature has itself exempted (1) elevators subject to inspection by the United States government, (2) elevators used exclusively for agricultural purposes, (3) elevators in private residences, section 48-418.04, R.R.S. 1943, and (4) elevators inspected and insured by a licensed insurance company, section 48-418.07, R.R.S. 1943. Clearly the Commissioner may not exact any performance from the users of such elevators other than the filing of a certificate of insurance company inspection in the last mentioned category. Those users have been granted waivers by the Legislature.
Section 48-418.08, R.R.S. 1943, is the only statute which we have found which expressly gives the state elevator inspector discretion to dispense with performance which he has the power to exact. Such waivers are limited to two aspects: (1) repair or replacement of defective parts, and (2) a reasonable time to make repairs or replacements. Projections, recesses, and setbacks in hoistway enclosures do not seem to fall within any of these two categories. Hence, there is no express statutory authority for the elevator inspector to waive compliance with standards for projections, recesses, and setbacks in hoistway enclosures.
We look next to the Code itself to determine whether there is authority to grant waivers. We find that section 2 of the Code reads as follows:
SECTION 2 PURPOSE AND EXCEPTIONS
 "The purpose of this Code is to provide for the safety of life and limb, and to promote the public welfare.
 "Where a rule, because of practical difficulty, cannot be complied with literally or where its literal application would cause undue hardship, the enforcing authority may upon proper application, grant exceptions, but only when it is clearly evident that reasonable safety is assured."
As an aside, the Code uses the term `exceptions.' We advise that the term `waiver,' therefore, be avoided, as its use may cause needless disputes over whether a `waiver' is something different than an `exception.' We assume that you meant `exceptions' in your letter.
The Code sets forth four criteria for granting exceptions: (1) practical difficulty, (2) undue hardship, or impossibility, of literal application, (3) clear evidence that reasonable safety is assured, and (4) proper application. These requirements are stated in the conjunctive, which means that all four of them must be present before an exception may be granted.
Our court has held that rules made by an administrative officer will be valid only if the Legislature has provided standards for the exercise of the rulemaker's discretion.School District No. 39 v. Decker, 159 Neb. 693,68 N.W.2d 354 (1955). It is presumed that, when the Legislature authorized the Commissioner of Labor to adopt the A.S.M.E. Code for elevator inspections, the Legislature knew that that Code contained the four conditions for granting exceptions. Therefore, it appears that the test of theDecker case has been met in that the Legislature has set standards for the exercise of the elevator inspector's discretion. It follows that the threshold question, whether the State of Nebraska has the authority to grant exceptions from the Elevator Code, must be answered in the affirmative.
As to the legal liability of the State if it were to grant exceptions to Rule 100.6, the answer is the same as it would be in any other situation in which a state officer exercises discretion pursuant to his authority. An injured party would have to prove, among other things, that a state official's exercise of discretion was not up to the ordinary standard of care for a person of his training and experience, and also, that such exercise of discretion was the cause of the injury. Discretionary regulatory decisions are excluded from the State Tort Claims Act only if the public official uses due care in exercising such discretion. See section 81-8,219(1)(a), R.R.S. 1943. The question then becomes whether a person injured in an elevator accident could prove that a hoistway enclosure exception caused his injury. If elevator inspectors exercise reasonable discretion to insure safety, it seems that an injured person would have a difficult burden to sustain in proving the State's liability for an injury in such situations.
However, if the elevator inspector had some doubt as to whether an elevator would still be safe after granting a hoistway exception, but granted the exception anyhow, there could be liability. One of the Code's criteria for granting exceptions is that there is clear evidence that reasonable safety is assured. If it is not clear that safety is assured, the inspector might not be exercising due care. Under such circumstances, assuming other factors such as proximate cause are shown, there could be liability imposed on the State for resulting injury or damage.